Recently, in De Hay v. State, 158 Tex. Cr.R. 262, 254 S.W.2d 513, 514, we said:

"There was evidence that appellant had treated another woman for a disease and disorder, and had held himself out to others as a practitioner of medicine."

We have concluded that proof that the accused had treated others was admissible on the issue of whether or not he was engaged in the practice of medicine.

Finding no reversible error, the judgment of the trial court is affirmed.

**Pete HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 28066.**

Court of Criminal Appeals of Texas.

Feb. 15, 1956.

No appearance for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is possession of beer for the purpose of sale in a dry area; the punishment, 30 days in jail and a fine of $250.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review. The judgment is affirmed.

**Tommy Loyd HARWELL**

v.

**STATE.**

**No. 28215.**

Court of Criminal Appeals of Texas.

Feb. 22, 1956.

No appearance for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

Forgery is the offense; the punishment, on a plea of guilty, seven years in the penitentiary.

Appellant has now filed his personal affidavit requesting the dismissal of the appeal. The request is granted.

The appeal is dismissed.